UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CHRISTOPHER DARREN ROLLEY**　　　　　　　　　　　　　　**PLAINTIFF**

**v.**　　　　　　　　　　　　　　**CIVIL ACTION NO. 4:20-CV-P25-JHM**

**ADVANCE MEDICAL PROVIDER**　　　　　　　　　　　　　　**DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil-rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983.  The Court has granted Plaintiff Christopher Darren Rolley leave to proceed *in forma pauperis*.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss one claim, allow another to proceed, and allow Plaintiff the opportunity to amend his complaint.

### I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Hopkins County Jail (HCJ).  He brings this suit against Defendant Advance Medical Provider (AMP), which is ostensibly the entity that contracts with HCJ to provide medical care to inmates incarcerated there.

In the complaint, Plaintiff writes as follows:

(First Time Violated) On 10-15-18 I complane to the medical provider at [HCJ] about my pain going down my right arm. . . .  I kept complaining up to the date of 1-15-19 thay would see me but nothing wood be dunn still today I have a huge knot on my neck and the pain is still going down my right arm.

(2nd Time Violated)  In 2015, I hade a heartatac and had to have stents put in my heart from that year forward my heart Dr. sed I need two (EKG) test ever year to keep and eye on the uther small blockegs that I have.  When I came in to this jail, [AMP] noed I had heartatac in the past and I told them I was supost to have at lest two (EKG) test a year.  And out of the 16 month's I have ben here [AMP] never gave me any kind of testing or (EKG) on my Heart.  On 12-13-19 I hade anuther heartatac and was in the hospatle and hade to have nuther stint put in my heart.  If proper (EKG) Testing had ben dunn the Heartatac on the Date of 1-13-20 wood never hapen it wood have been seen on the (EKG Test).  So I fill my rights was

violated by denieing me the (EKG Testing) that my Dr. sed I needed two times a year. I fill [AMP] should have to pay me for pain and suffering . . . for denieing me medical testing that I needed to prevent this from hapen to me. And I feel like [AMP] shoued pay all cost for the medical bills.

As relief, Plaintiff seeks damages.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Sixth Circuit has held that the same analysis that applies to § 1983 claims brought against municipalities applies to private corporations contracted to provide medical services to

inmates. *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978)); *see also Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (applying *Monell*'s municipal liability standard to the private corporation that had been contracted to operate a jail) (citing *Street v. Corr. Corp. of Am.*, 102 F. 3d. 810, 814 (6th Cir. 1996)).

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Based upon the allegations set forth in the complaint, the Court will dismiss Plaintiff's claim against Defendant AMP based upon the treatment, or lack thereof, that he received for his neck and arm condition because the complaint does not suggest that any alleged violation of Plaintiff's rights with regard to this condition was the result of a custom or policy implemented or endorsed by Defendant AMP.

4

<u>The Court, however, will allow an Eighth Amendment claim to proceed against Defendant AMP for deliberate indifference to a serious medical need based upon the treatment Plaintiff alleges he did not receive for his heart condition.</u>  In allowing this claim to proceed, the Court passes no judgment upon its merits or upon the ultimate outcome of this action.

The Court will also provide Plaintiff an opportunity to amend his complaint to sue any officials he believes were deliberately indifferent to his serious medical needs.  *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claim against Defendant AMP based upon his arm and neck condition is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED that within <u>30 days</u> from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint in which he 1) names as Defendants any individuals he believes were deliberately indifferent to his serious medical needs; 2) sues those Defendants in their individual capacities; and 3) describes how each individual Defendant was deliberately indifferent to his serious medical needs.**

The Court will conduct an initial review of the amended complaint pursuant to 28 U.S.C. § 1915A.  **Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, the Court will enter a Service and Scheduling Order to govern the development of the claim it has allowed to proceed.**

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with the words "Amended Complaint" and the instant case number written in the caption as well as four blank summons forms.

Date: June 16, 2020

*[Signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendant
4414.011